# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 23, 2022

Lyle W. Cayce
Clerk

No. 21-40814
Summary Calendar

Melvin Lee Mobley, III,

*Plaintiff—Appellant*,

*versus*

Maxwell Vine, *Correctional Officer I*; Jherick M. Cambell, *Sergeant*; James Cortez, *Sergeant*; Miguel A. Martinez Villareal,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:17-CV-378

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:*

Melvin Lee Mobley, III, Texas prisoner # 1502681, appeals the district court's summary judgment dismissal of his 42 U.S.C. § 1983 action based on

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

his failure to exhaust administrative remedies. We review such dismissals de novo. *See Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

The Prison Litigation Reform Act requires inmates to exhaust available administrative remedies before bringing a lawsuit challenging prison conditions under § 1983. 42 U.S.C. § 1997e(a); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Mobley, proceeding pro se, argues that administrative remedies were unavailable to him because of the actions of prison authorities. The record contains facts suggesting that the grievance system was unavailable to Mobley. *See Ross v. Blake*, 578 U.S. 632, 639, 643-44 (2016). Accordingly, the district court's grant of summary judgment is VACATED, and the case is REMANDED to permit the district court to conduct a *Ross* analysis in the first instance.

Mobley asserted a distinct § 1983 claim against defendant James Cortez for failure to investigate, which the district court dismissed under Federal Rule of Civil Procedure 12(b)(6). Mobley challenges that ruling but offers no briefing on the matter. We AFFIRM the ruling as to defendant Cortez, *see Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987), and DENY Mobley's motion for the appointment of counsel.